Ruffin, C. J.
 

 The judgment is considered erroneous by this Court. It is true, the act, iffterms, exempts the citizens of this town from working
 
 on roads
 
 without the corporation, and therefore it is broad enough to embrace this case, if that expression is not controlled by the context, or the nature of the subject and the Statute. It is said, indeed, on the part of the plaintiff, that such an exemption, as that claimed by the defendant, is beyond the Legislative power to grant, because it is inconsistent with the previous Charter to the plaintiff, whereby the work of the defendant was assured by the State to the company. We do not deem it necessary, nor proper unnecessarily, to express an opinion upon the question of constitutional power. It is, nevertheless,material to ob
 
 *224
 
 serve, that there is such astipulation in the Charter of the Turnpike Company, in compensation for the privilege thereby reserved to all the citizens of Buncombe County to pass the plaintiff’s road, toll free. It is material to advert to that stipulation, as a help to the just construction of the subsequent town Charter ; for, certainly, no intention to violate the public faith and contracts is to be imputed to the Legislator, if it can be avoided, admitting even the power to do so. Hence if the Statute, we are considering, were a public one, the construction ought to be such as is consistent with the public engagements in previous Statutes, if the language will admit of it — and resort is properly had to the'context, in order to give to general terms a more enlarged or restricted sense, sons to effectuate the intention of the Legislature, in accordance with the rights before granted to some of her citizens and with the character of the, State. In other words.-an intention to do wilful injustice by invading piivate right is not. to be attributed to the legisla" ture, when, by any fair intendment, a different and a just meaning can be, put on the language. Now, the case is, that this defendant was liable,
 
 by a provision in the
 
 charter of the plaintiff, to work six days every year on the turnpike road, and made so liable, for a valuable consideration, moving from the company to his fellow citi zens of his County, and that, by the general law, the defendant was also liable to work on the other roads — the common high-ways of the County — as he might be appointed by his County Court from lime to time. In that state of things a law was passed, that he, as a citizen of an incorporated village, should work on its streets, and-for that should be exempted from working “on roads” without the town. To the question, what roads were meant, one would naturally say at once, that the legislature did not mean to violate its prior engagement nor deal unjustly, and therefore could have intended only to'
 
 *225
 
 relieve the inhabitants of the town,' who alone work on its streets, from the burden of being appointed by the Court to work on the ordinary county roads, in respect to which the Legislature has an absolute and rightful discretion. The construction is thoroughly fortified by the previous part of the sentence, in which it is said, that the citizens of the town, who are “liable to work
 
 on public roads,”
 
 are to be exempted from working
 
 on roads
 
 ; from which the inference is a fair one, that the roads, from working on which they are exempted, are those, and those only, on which they were immediately before liable to work, namely, the public roads, or such as belong to the public only, and in which there was no private right. Such would be the proper interpretation, we think, were the Statute under consideration a public one ; and much more is it, when it is remembered, that it is a private act, incorporating a small village, and that the rule for construing such a Statute is, that they do not bind strangers not mentioned in them, or, at all events, in derogation of private right, beyond a construction rendered absolutely necessary by its words. 2
 
 Bl. Com.
 
 345, 1
 
 Thomas’ Coke,
 
 26.
 
 Drake
 
 v.
 
 Drake
 
 4 Dev. 110. For these reasons the Court is of opinion that judgment be given for the plaintiff for #4 and the costs, according to the case agreed.
 

 Pfr Curiam.
 

 Judgment reversed, and judgment for the plaintiff.